** Summary **
PROMOTER OF BOXING CONTEST SUBJECT TO STATE GROSS RECEIPTS TAX Every promoter is subject to taxation of total gross receipts of ar boxing contest or sparring exhibition, inclusive of closed-circuit television, and irrespective of whether promoter has place of business within or without State of Oklahoma. The Attorney General has received your opinion request wherein you ask, in effect, the following question: "Whether an individual promoting professional boxing via closed circuit television shall be required to possess a promoter's license and pay tax to the State for box office receipts?" The Oklahoma Boxing Commission Act created the Oklahoma Boxing Commission in 1971 by House Bill 1154 effective June 24, 1971. This act now codified as Title 3A O.S. 1971 defines [3A-defines] and sets forth the powers ar duties of the Commission. Title 3A O.S. 2 [3A-2](18) (1971), provides as follows: " ' Promoter ' shall mean any person, club or corporation who produces or stages boxing contests or sparring exhibitions and shall include the officer, director, stockholder or employee thereof and any promoter who has no place of business within this State." Title 3A O.S. 6 [3A-6] (1971), provides the following: "Contests and exhibitions controlled by Commission — Exemption. "A. The Commission is hereby vested with the sole direction, control and jurisdiction over all amateur and professional boxing contests and sparring exhibitions held or given within the State of Oklahoma, except those events specifically exempt by the provisions of this Act. "B. Specifically exempt from the provisions of this Act are the boxing contests or sparring exhibitions conducted or sponsored by any school, college or university where the participants are students regularly enrolled in such institutions and the instructors, coaches and trainers are employees of such institutions. The term 'school, college or university' does not include a school or other institution whose principal purpose is to furnish instruction in boxing or sparring." Title 3A O.S. 28 [3A-28] (1971), provides, in relevant part: " Tax on gross receipts "A. In addition to the payment of any other fees and monies due under this Act, every promoter shall pay to the Commission five percent (5%) of the total gross receipts of any boxing contest or sparring exhibition, exclusive of any federal tax or tax imposed by any political subdivision of this State. "B. For the purpose of this section, total gross receipts of every promoter shall include: "1. The gross price charged for the sale, lease or other exploitation of broadcasting, television or motion picture rights of such event, without any deductions for commissions, brokerage fees, distributions fees, advertising or other expenses or charges; and "2. The face value of all tickets sold and complimentary tickets issued." The above cited statutes make it explicitly clear that the Legislature intended that the Commission have control and regulatory authority over all amateur and professional boxing contests and sparring exhibitions held or given within the State of Oklahoma, except those events specifically excluded by the provisions of this Act. Moreover, implicit in Section 18, is that a promoter producing or staging boxing contests or sparring exhibitions shall include promoters who have no place of business within this State. Accordingly, every promoter must pay to the Commission five percent (5%) of the total gross receipts of any boxing contest or sparring exhibition held or given within the State of Oklahoma, said gross receipts inclusive of the gross price charged for the sale, lease or other exploitation of closed-circuit television of such event, whether originating within or without the State, without any deductions for commissions, brokerage fees, distribution fees, advertising or other charges or expenses. The rule of interpreting statutory language is as expressed in In Re Guardianship of Cambell, 450 P.2d 203 (1966) wherein the Court stated: "A cardinal principle of statutory construction is that where the language of a statute is plain and unambiguous and the meaning is clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning." In applying this rule it is clear, therefore, that the Legislature intended that the Commission is vested with powers to regulate all amateur and professional boxing contests and sparring exhibitions held or given within the State of Oklahoma, inclusive, but not limited to live boxing contests and sparring exhibitions. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that every promoter who produces or stages boxing contests or sparring exhibitions held or given within the State of Oklahoma is subject to the total gross receipts tax under Section 28 of the Act, irrespective of whether promoter has place of business within or without the State, and irrespective of whether boxing contests and sparring exhibitions are live or projections via closed circuit screen. (Nathan J. Gigger)